**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**


BARRANCA BUILDERS, LLC,

        Plaintiff/Counterclaim-Defendant,

v.                                      Civ. No. 03-293  JP/RLP - ACE

LB/L-LOS SANTEROS PHASE I, LLC, a
Delaware Limited Liability Company, LB/L-
LOS SANTEROS MASTER LLC, a Delaware
Limited Liability Company, and LB/ LAKESIDE
CAPITAL PARTNERS LLC, a Delaware Limited
Liability Company,

        Defendants/Counterclaim-Plaintiff,

and

LB/L-LOS SANTEROS PHASE I, LLC

        Counterclaim-Plaintiff,

v.

DOYLESTOWN, LLC, a New Mexico
Limited Liability Company,

        Counterclaim-Defendant.


**MEMORANDUM OPINION AND ORDER**

On May 12, 2003 Plaintiff, Barranca Builders, LLC (Barranca), filed a Motion for Leave to

Amend Complaint (Doc. No. 13).  Defendants timely filed their opposition to Plaintiff's proposed

amendments, arguing that Counts 5 through 9 in Plaintiff's proposed First Amended Complaint

fail to state a claim upon which relief can be granted.  Accordingly, Defendants contend that those

particular amendments should be denied as futile.  After reviewing the factual allegations and the

relevant law, the Court concludes that Plaintiff should be granted leave to file a First Amended

Complaint in compliance with this Memorandum Opinion and Order.

*BACKGROUND*

Much of the background in this litigation is set forth in the Court's Memorandum Opinion

and Order filed on July 17, 2003 (Doc. No. 28).  However, Plaintiff's Motion for Leave to Amend

Complaint mainly focuses on one aspect of the case not previously discussed, which is Defendant

LB/L-Los Santeros Phase I LLC's (Los Santeros) alleged attempt to force Barranca to forfeit its

right of first refusal to purchase Los Santeros's lots in Las Compañas.

As asserted by Barranca, Los Santeros gave Barranca a simple ultimatum:  either Barranca

could give up its right of first refusal to purchase Los Santeros's lots in Las Compañas and Los

Santeros would fulfill all of its other contractual obligations to Barranca, or Barranca could assert

its right of first refusal and Los Santeros would default on its contractual obligations.  Barranca did

not yield to Los Santeros's demands, however, and chose to exercise its right of first refusal.

According to Barranca, this choice caused Los Santeros to withhold payment under its

construction contracts with Barranca, including payments of general and administrative fees of

$17,500 per month.  Allegedly, that default left Barranca without the means to pay its

subcontractors and resulted in economic damage to Barranca.

*LEGAL STANDARD*

Although "Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement

does not apply where an amendment obviously would be futile. . . . [I]f the denial [of a motion to

amend] rests on articulated reasons such as failure to cure deficiencies by previous amendments or

futility of amendment the district courts's decision shall stand. " *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992).

*ANALYSIS*

Plaintiff's proposed First Amended Complaint seeks to add Count 5 for Duress, Count 6 for Intentional Interference with Contractual Relations, Count 7 for Intentional Misrepresentation, Count 8 for Unfair Trade Practices, and Count 9 for Prima Facie Tort.  Each one of these actions presents either a procedural or substantive complication.

*Proposed Count 5 - Duress*

In New Mexico, the theory of duress centers on "whether a person has been coerced into the transaction by the wrongful act of another.  The policy aim of the rule is to discourage or prevent an individual in a stronger position, usually economic, from abusing that power in a bargain situation." *Richards v. Allianz Life Ins Co. of N. Am.*, 2003-NMCA-001, ¶ 30, 133 N.M. 229, 62 P.3d 320 (internal punctuation and citations omitted).  The principal question in a duress claim is whether an economic threat that "induced the agreement is the type of offer to deal that the law should discourage as oppressive and thus improper." *Id.*

Barranca has alleged that Los Santeros abused its superior economic position by presenting Barranca with an unreasonable choice:  either Barranca could drop its right of first refusal and be paid under the parties' existing contracts or Barranca could exercise its right of first refusal and all payments due would be withheld.  From a pragmatic standpoint, Barranca is arguing that Los Santeros improperly threatened to withhold contractual payments due to Barranca unless Barranca would enter into a new contract forfeiting its right of first refusal.  There is a huge problem with

Barranca's theory, however, which is that Barranca did not succumb to Los Santeros's

inappropriate demand.

To state a claim for duress, a plaintiff must be able to show that his or her damages were

"caused by his compliance with the asserted coercive and wrongful demands." *First Nat. Bank in*

*Albuquerque v. Sanchez*, 112 N.M. 317, 321, 815 P.2d 613, 617 (1991).  Here, instead of

capitulating to Los Santeros's improper demand, Barranca chose to litigate its contractual rights

against Los Santeros.  Litigation is a reasonable alternative to yielding to Los Santeros's request

that Barranca drop its alleged right of first refusal.  UJI 13-838 NMRA 2003 (noting that a person

who *enters* into a contract must have "no reasonable choice or alternative" before asserting the

*defense* of duress) (emphasis added); Restatement (Second) of Contracts, § 175 cmt. b (1981)

(observing that a "threat, even if improper, does not amount to duress if the victim has a reasonable

alternative to succumbing and fails to take advantage of it").

The making of "a demand, coupled with a threat, under coercive circumstances," does not

*ipso facto* state a claim for duress.  *First Nat. Bank in Albuquerque*, 112 N.M. at 321, 815 P.2d at

617.  The circumstances presented here amount to nothing more than a breach of contract claim.

*Id*.  Since Barranca exercised a reasonable alternative to Los Santeros's coercive demands, Los

Santeros's attempted duress failed to ripen into an actionable claim. Hence Plaintiff's proposed

claim of duress will be denied a futile.

*Proposed Count 6 - Intentional Interference with Contractual Relations*

In the usual case for intentional interference with contractual relations, a plaintiff states a

claim by alleging that a defendant who "without justification or privilege to do so, induces a third

person not to perform a contract with [the plaintiff], is liable to the [plaintiff] for the harm caused

thereby." *Wolf v. Perry,* 65 N.M. 457, 461, 339 P.2d 679, 681 (1959).  Barranca contends that

Defendants committed tortious interference with contract when Defendants failed to honor their

contractual obligation to pay Barranca for its construction services, thereby forcing Barranca to

"alter its contractual relationships with its subcontractors, causing harm to Barranca."  Plaintiff's

Proposed First Amended Complaint ¶ 72.  Defendants argue that to be liable under this theory they

must have induced a third party not to perform a contractual duty owned to Barranca.  Defendants

assert that without an allegation that they either instigated a third party to breach a contract with

Barranca or that Defendants, at a minimum, directed some action at a third party in order to have

them breach a contract with Barranca, Barranca cannot maintain an action for tortious interference

with contract.

Barranca has not cited any authority that has based an intentional interference with contract

action on a defendant's intentional breach of a contract with the plaintiff.  Barranca cites *Diversey*

*Corp. v. Chem-Source Corp*., 1998-NMCA-112, 125 N.M. 748, 965 P.2d 332, as supporting this

theory.  However, *Diversey* is a prototypical case where a defendant influences a third party to

breach a contract with a plaintiff.  Barranca has alleged that Defendants are liable for breaching

their own contracts with Barranca thereby preventing Barranca from fulfilling its contractual duties

to its subcontractors.

The Court is not aware of any New Mexico case that would allow Barranca's proposed

Count 6 claim to go forward on this type of fact pattern.  Barranca has not cited to any authority

that would permit such a claim.  Hence Barranca's proposed Count 6 will be denied as futile.

*Proposed Count 7 - Intentional Misrepresentation*

Defendants argue that Plaintiff's allegations of intentional misrepresentation do not satisfy the pleading requirements of Fed. R. Civ. P. 9(b), which states that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with  particularity." Although "state law governs the burden of proving fraud at trial in a diversity action in federal court, the procedure for pleading fraud in all diversity suits in federal court is governed by the special pleading requirements of Fed. R. Civ. P. 9(b)." *Minger v. Green*, 239 F.3d 793, 800 (6th Cir. 2001) (applying Rule 9(b) to an allegation of intentional misrepresentation).  To satisfy Rule 9(b), Barranca "must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

Barranca's proposed First Amended Complaint falls short of the particularity requirement of Rule 9(b).  Although Barranca alleges that the representations made by Los Santeros in the Third Addendum to their October 31, 2000 Agreement were false, Barranca does not state exactly which statements in that Addendum were false.  Nor does Barranca precisely allege what false or misleading representations were made, or by whom, that induced Barranca to enter into the Third Addendum.  In short, Barranca has not detailed with specificity what misrepresentations induced it to "enter[] into the Third Addendum to the Agreement." Plaintiff's Proposed First Amended Complaint ¶ 75.

From the language of Barranca's First Amended Complaint it appears that Barranca attributes the alleged misrepresentations in the Third Addendum to all three Defendants.  *Id*. ¶ 6. Barranca's ties the misrepresentation to Defendants LB/L-Los Santeros Master LLC and

LB/Lakeside Capital Partners LLC only on "information and belief."  This kind of pleading is

inadequate under Rule 9(b).  Within the Tenth Circuit, "a plaintiff in a non-9(b) suit can sue now

and discover later what his claim is, but a Rule 9(b) claimant must know what his claim is when he

files it."  *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992).

Accordingly, Barranca should have stated its claim with particularity as to each Defendant's

involvement with any alleged misrepresentation.  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1237

(10th Cir. 2000) (holding that a plaintiff must "identify any specific Defendant who made these

alleged fraudulent misrepresentations or omissions").  Barranca also should have addressed how it

was damaged by any particular misrepresentation that was made by an individual Defendant.

Nonetheless, Defendants' argument for dismissal is premature.  As other courts have

observed, failing to plead a Rule 9(b) action with particularity does "not normally justify dismissal

of the suit on the merits and without leave to amend, at least not in the absence of special

circumstances."  *Cates v. International Tel. and Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985).

Barranca will be granted leave of Court to draft a First Amended Complaint that alleges with

particularity the time, place, and identity of each party who made each misrepresentation, the

precise language of the misrepresentation made by a given Defendant, and what consequences

flowed from Barranca's reliance on a particular misrepresentation.  *Schwartz*, 124 F.3d at 1252.

*Proposed Count 8 - Unfair Trade Practice*s

Defendants contend that, like the claim for intentional misrepresentation, Barranca must

satisfy the pleading requirements of Rule 9(b) when pleading a violation of New Mexico's Unfair

Trade Practices Act. *Veal v. First American Savings Bank, et al.*, 914 F.2d 909, (7th Cir. 1990)

(applying Rule 9(b) to a state action for deceptive trade practices).  Barranca responds that the

pleading requirements of Rule 9(b) do not apply to negligent misrepresentation claims made under

the New Mexico Unfair Trade Practices Act.  Although Barranca is correct that *negligent*

misrepresentations do not fall under the pleading standards of Rule 9(b), *Cantrall v. Applera Corp.*

*et al.*, Civ. No. 02-747 BB/RLP (D.N.M. April 10, 2003), it is not at all clear that Barranca has

limited its Unfair Trade Practices claim to just negligent misrepresentations.

Barranca's propose First Amended Complaint has alleged that Defendants' "false or

negligent representations violates the New Mexico Unfair Trade Practices Act."  Proposed First

Amended Complaint ¶ 81.  If by alleging "false . . . representations" Barranca intends to prosecute

a false or intentional misrepresentation under its Unfair Trade Practices claim, it must satisfy the

who, what, when, where, and how pleading requirements of Rule 9(b).  Barranca will be granted

leave of Court to amend proposed Count 8 so that it can plead with particularity any claim for false

or intentional misrepresentation that it intends to pursue under the New Mexico Unfair Trade

Practices Act.  Should Barranca choose not plead with particularity the false misrepresentations

that allegedly violated the New Mexico Unfair Trade Practices Act, the Court will dismiss with

prejudice all of Barranca's claims under proposed Count 8 except for Barranca's negligent

misrepresentation action.

*Proposed Count 9 - Prima Facie Tort*

Proposed Count 9 addresses Defendants alleged representations to Barranca that

their subdivision would include "high end amenities."  Plaintiff's Proposed First Amended

Complaint ¶ 84.  Barranca asserts that Defendants committed a prima facie tort when they decided

to scale down the quality of the proposed amenities.  According to Barranca, the poor amenities

Los Santeros now maintains in Las Compañas harmed Barranca's ability to realize profits on the

lots that Barranca allegedly has the right to purchase.

To plead a claim of prima facie tort, a plaintiff must allege "(1) an intentional, lawful act by

defendant; (2) an intent to injure the plaintiff; (3) injury to the plaintiff; and (4) insufficient

justification for the defendant's acts." *Hagebak v. Stone*, 2003-NMCA-007, ¶ 24, 133 N.M. 75,

61 P.2d 201.  Defendants argue, correctly, that Barranca "never satisfies the first element of the tort

by alleging that Los Santeros committed a lawful act."  Doc. No. 16 at 13.

Under proposed Count 9, Barranca has alleged that "at the time" Defendants represented to

Barranca that the houses within its subdivision would be in an area with high end amenities,

Defendants "intended to . . . unfairly and inaccurately misrepresent" the quality of the subdivision.

Plaintiff's Proposed First Amended Complaint ¶ 85.  As alleged, Barranca is asserting that

Defendants intentionally misrepresented the nature and quality of the subdivision to Barranca.

Under New Mexico law intentional misrepresentation is an illegal business practice.  Since

Defendants' alleged conduct was illegal, there can be no prima facie tort claim because the lawful

act element of the tort cannot be met.

Even if the Court were to construe Defendants' descriptions of the amenities that the

subdivision would have as something other than illegal misrepresentations, Barranca still would

not have stated a claim under proposed Count 9.  If Defendants' representations about the

amenities were not in the nature of an enforceable agreement, Barranca cannot assert a legally

protected interest in the quality of amenities that the neighborhood would offer.  Once again

proposed Count 9 would fail because a necessary element to any prima facie tort claim is injury to

"a legally protected interest of the plaintiff."  *Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1079

(D.N.M. 1991) (Burciaga, C.J.) (quoting Restatement (Second) of Torts § 870 cmt. e at 282 (1979)).  Hence proposed Count 9 will be dismissed with prejudice for failing to state a claim.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint is granted and Plaintiff may file a First Amended Complaint subject to the following conditions:

(1)     Plaintiff's First Amended Complaint will not include proposed Count 5 for Duress due to the futility of the claim;

(2)     Plaintiff's First Amended Complaint will not include proposed Count 6 for Intentional Interference with Contractual Relations due to the futility of the claim;

(3)     Plaintiff's proposed Count 7 for intentional misrepresentation must be re-drafted to allege with particularity the time, place, and identity of the Defendant making the misrepresentation, the precise language of the misrepresentation made by each Defendant, and what consequences flowed from Barranca's reliance on a particular misrepresentation;

(4)     Plaintiff will be limited to a negligent misrepresentation claim under proposed Count 8 for Unfair Trade Practices unless Plaintiff re-drafts the claim to satisfy Rule 9(b)'s pleading requirements for allegations of false or intentional misrepresentations;

(5)     Plaintiff's First Amended Complaint will not include proposed Count 9 for Prima Facie Tort due to the futility of the claim; and

(6)     Plaintiff is granted leave of Court to file its First Amended Complaint no later than August 22, 2003.

_____
CHIEF UNITED STATES DISTRICT JUDGE